**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VAHE KHUDAVERDYAN, | No. 09-70751 |
| Petitioner, | Agency No. A075-646-710 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Vahe Khudaverdyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals'("BIA") order denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Khudaverdyan's motion to reopen as untimely because the motion was filed more than three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Khudaverdyan failed to establish changed circumstances in Armenia to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed country conditions); *Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future harm too speculative).

Contrary to Khudaverdyan's contention, the BIA adequately considered the evidence presented with the motion to reopen.  *See Najmabadi*, 597 F.3d at 990-91. Khudaverdyan's contention that the BIA failed to consider his claim independently from his father's is belied by the record.

**PETITION FOR REVIEW DENIED.**